YOU HAVE POSED THE FOLLOWING QUESTION:
 IN LIGHT OF ARTICLE X, SECTION 14/ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION, OR ANY OTHER CONSTITUTIONAL PROVISION, MAY A MUNICIPALITY AWARD PLAQUES TO A CERTAIN NUMBER OF ITS WORKERS COMMENDING THEM FOR PROVIDING ASSISTANCE TO A FAMILY RESIDING WITHIN THE MUNICIPALITY WHO HAD RECENTLY SUFFERED A TRAGIC EVENT?
THE ANSWER TO YOUR QUESTION DEPENDS UPON WHETHER THE MUNICIPAL EMPLOYEES IN QUESTION WERE ACTING IN THEIR PRIVATE CAPACITIES OR IN THEIR CAPACITIES AS MUNICIPAL EMPLOYEES AT THE TIME THEY PROVIDED ASSISTANCE TO THE LOCAL FAMILY.
IN THE FIRST PART OF THIS LETTER IT IS ASSUMED THAT THE MUNICIPAL EMPLOYEES IN QUESTION WERE ACTING, NOT IN THEIR CAPACITIES AS MUNICIPAL EMPLOYEES, BUT RATHER IN THEIR PRIVATE CAPACITIES WHEN THEY PROVIDED ASSISTANCE TO THE LOCAL FAMILY THAT HAD SUFFERED THE TRAGEDY.
ARTICLE X, SECTION 14 OF ARTICLE 10 OF THE OKLAHOMA CONSTITUTION ("SECTION 14") PROVIDES IN RELEVANT PART:
 "TAXES SHALL BE LEVIED AND COLLECTED BY GENERAL LAWS, AND FOR PUBLIC PURPOSES ONLY. . . . (EMPHASIS ADDED)."
SECTION 14 RESTRICTS THE USE OF PUBLIC FUNDS TO EXPENDITURES FOR A PUBLIC PURPOSE. BURKHARDT V. CITY OF EL RENO, 771 P.2D 608, 610 (OKL. 1989). THE TERM "PUBLIC PURPOSE" MUST BE CONSTRUED IN A NARROW AND RESTRICTIVE SENSE. ID. AT 610. "PUBLIC PURPOSE" MEANS THAT THE TAX MONEY IS SPENT FOR THE GENERAL GOOD OF ALL INHABITANTS OF THE TAXING BODY. ID. AT 610. "PUBLIC PURPOSE" IS SYNONYMOUS WITH GOVERNMENT PURPOSE. STATE EX REL. LACY V. JACKSON, 682 P.2D 218 (OKL. 1983).
A MUNICIPALITY MAY NOT LAWFULLY APPROPRIATE FUNDS FOR THE BENEFIT OF AN INDIVIDUAL. WILLOW WIND INC. V. CITY OF MIDWEST CITY, 790 P.2D 1067, 1070 (OKL. 1989).
DOES THE TERM "PUBLIC PURPOSE" AS USED IN SECTION 14 INCLUDE A MUNICIPALITY'S PURCHASE OF PLAQUES TO BE AWARDED TO MUNICIPAL EMPLOYEES WHO, ACTING IN THEIR PRIVATE CAPACITIES, HELPED A LOCAL TRAGEDY-STRICKEN FAMILY?
THE UNDERSIGNED WRITER HAS DISCOVERED NO APPELLATE COURT OPINION WHICH DISCUSSES WHETHER THE PURCHASE OF SUCH PLAQUES CONSTITUTES A "PUBLIC PURPOSE".
ATTORNEY GENERAL OPINIONS, HOWEVER, HAVE ADDRESSED SIMILAR ISSUES ON TWO OCCASIONS. ATTORNEY GENERAL OPINION NO. 79-078 CONCLUDED THAT AN "AWARD TO STATE EMPLOYEES OR OTHER PERSONS OF PLAQUES OR SERVICE PINS PURCHASED FROM STATE FUNDS BY A STATE AGENCY WOULD BE VIOLATIVE OF ARTICLE X, SECTION 14 OF THE OKLAHOMA CONSTITUTION, IN THAT SUCH AN EXPENDITURE WOULD BE FOR A PRIVATE RATHER THAN A PUBLIC PURPOSE."
FURTHERMORE, ATTORNEY GENERAL OPINION NO. 79-078, IN DISCUSSING A PREVIOUS ATTORNEY GENERAL OPINION, NOTED THAT A CASH AWARD BY A STATE AGENCY TO A MEMBER OF THE INDIAN RACE FOR HIS CONTRIBUTIONS TO MANKIND WOULD BE UNCONSTITUTIONAL BECAUSE THE EXPENDITURE OF FUNDS IN SUCH A CASE WOULD BE FOR A PRIVATE RATHER THAN A PUBLIC PURPOSE.
ATTORNEY GENERAL OPINION NO. 79-078, HOWEVER, HAS BEEN OVERRULED AND WITHDRAWN INSOFAR AS IT IS INCONSISTENT WITH A LATER OPINION, ATTORNEY GENERAL OPINION NO. 87-038. OPINION NO. 87-038 CONCLUDED THAT A LEGISLATIVELY-CREATED PROGRAM OF AWARDING LONGEVITY SERVICE AWARDS TO STATE EMPLOYEES WOULD NOT VIOLATE SECTION 14 IF THE EXPENDITURE OF PUBLIC MONEY FOR SUCH AWARDS IS EXPRESSLY AUTHORIZED BY LAW AND RIGIDLY REGULATED BY STATUTE.
OPINION NO. 87-038 DEALT WITH PLAQUES TO BE AWARDED TO STATE EMPLOYEES BASED UPON THE LENGTH OF THEIR STATE SERVICE. IN CONTRAST, THE INSTANT QUESTION INVOLVES THE LEGALITY OF AN AWARD TO A MUNICIPAL EMPLOYEE FOR ACTIVITIES OUTSIDE THE SCOPE OF HIS MUNICIPAL EMPLOYMENT. ACCORDINGLY, OPINION NO. 87-038 DOES NOT DICTATE THE ANSWER TO YOUR QUESTION.
IT IS THE OPINION OF THE UNDERSIGNED WRITER THAT, IF A COURT WERE TO ADDRESS THE QUESTION OF WHETHER A MUNICIPALITY COULD LAWFULLY EXPEND PUBLIC MONEY TO BUY A PLAQUE TO BE GIVEN TO A MUNICIPAL EMPLOYEE TO COMMEND THAT EMPLOYEE FOR ACTS PERFORMED WHILE ACTING IN A PRIVATE CAPACITY, THE COURT WOULD LIKELY FIND THAT SUCH EXPENDITURE IS FOR A "PRIVATE" RATHER THAN A "PUBLIC" PURPOSE. IN OTHER WORDS, IT IS THE OPINION OF THE UNDERSIGNED WRITER THAT THE EXPENDITURE OF A MUNICIPALITY'S PUBLIC FUNDS TO BUY PLAQUES TO BE AWARDED TO MUNICIPAL EMPLOYEES TO COMMEND THEM FOR HELPING, IN THEIR PRIVATE CAPACITIES, A LOCAL TRAGEDY-STRICKEN FAMILY, WOULD CONSTITUTE THE EXPENDITURE OF PUBLIC MONEY FOR A PRIVATE PURPOSE IN VIOLATION OF ARTICLE X, SECTION 14 OF THE OKLAHOMA CONSTITUTION.
IT IS NOT NECESSARY TO DISCUSS ARTICLE X, SECTION 17 OF ARTICLE OF THE OKLAHOMA CONSTITUTION, OR ANY OTHER CONSTITUTIONAL PROVISION.
IF THE MUNICIPAL EMPLOYEES IN QUESTION WERE ACTING IN THEIR CAPACITIES AS MUNICIPAL EMPLOYEES WHILE ASSISTING THE LOCAL FAMILY, THEN THE EXPENDITURE OF PUBLIC MONEY FOR PLAQUES TO COMMEND SUCH EMPLOYEES FOR THEIR EFFORTS WOULD NOT VIOLATE SECTION 14, IF DONE IN ACCORDANCE WITH THE DICTATES OF ATTORNEY GENERAL OPINION NO. 87-038.
ATTORNEY GENERAL OPINION NO. 87-038 ADDRESSED THE ISSUE OF WHETHER TAX MONIES COULD BE USED TO BUY LONGEVITY SERVICE AWARDS FOR STATE EMPLOYEES AND TO PAY FOR AN AWARDS BANQUET.
OPINION NO. 87-38 CONCLUDED THAT:
 "1. WHERE THE LEGISLATURE SPECIFICALLY DECLARES A PUBLIC EMPLOYEE BENEFIT PROGRAM SUCH AS ONE CONSISTING OF LONGEVITY SERVICE AWARDS AND/OR AWARDS BANQUETS, TO BE FOR A "PUBLIC PURPOSE" AND ENACTS LEGISLATION APPROPRIATING PUBLIC MONIES TO ACCOMPLISH SUCH PURPOSE, SUCH AN APPROPRIATION IS NOT VIOLATIVE OF ARTICLE X, (14 AND 15 OF THE OKLAHOMA CONSTITUTION, IF THE ACT CREATING SUCH PROGRAM ALSO:
 (A) EXPRESSLY DECLARES A LEGISLATIVE POLICY TO BE FOLLOWED;
 (B) EXPRESSLY DEFINES THE CATEGORIES OF EXPENDITURES TO BE ALLOWED;
 (C) EXPRESSLY RETAINS STATE CONTROLS OVER SUCH EXPENDITURES: AND
 (D) EXPRESSLY SETS FORTH PROCEDURES AND GUIDELINES FOR THE EXPENDITURES AND THE ELIGIBILITY OF A STATE EMPLOYEE TO RECEIVE SUCH EXPENDITURES. . . ."
 A MUNICIPALITY MAY, CONSISTENT WITH THE OKLAHOMA CONSTITUTION, BUY AWARD PLAQUES FOR ITS EMPLOYEES IF IT FOLLOWS THE FOLLOWING GUIDELINES ADAPTED FROM ATTORNEY GENERAL OPINION NO. 87-038:
 "L. THE MUNICIPALITY MUST EXPRESSLY DECLARE THE PURCHASE AND AWARD OF SUCH PLAQUES TO BE FOR A "PUBLIC PURPOSE" AND MUST EXPRESSLY DECLARE WHAT THAT "PUBLIC PURPOSE" IS;
 2. THE MUNICIPALITY MUST, THROUGH APPROPRIATE MUNICIPAL LEGISLATION, APPROPRIATE MONEY FOR THAT "PUBLIC PURPOSE". SUCH MUNICIPAL LEGISLATION MUST:
(A) EXPRESSLY DECLARE A LEGISLATIVE POLICY TO BE FOLLOWED;
 (B) EXPRESSLY DEFINE THE CATEGORIES OF EXPENDITURES ALLOWED;
 (C) EXPRESSLY RETAIN MUNICIPAL CONTROL OVER SUCH EXPENDITURES; AND
 (D) EXPRESSLY SET FORTH PROCEDURES AND GUIDELINES FOR THE EXPENDITURES AND ELIGIBILITY OF A MUNICIPAL EMPLOYEE TO RECEIVE SUCH AWARDS.
(JEFF MIXON)